IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AVRON HOLLAND, JR.     :
   Petitioner,

            :

   v.           CIVIL ACTION
             NO. 13-6623
LOIUS FOLINO;[1] THE DISTRICT :
ATTORNEY OF THE COUNTY OF
PHILADELPHIA; and THE ATTORNEY
GENERAL OF THE STATE OF   :
PENNSYLVANIA
   Respondents.

**MEMORANDUM**

**Jones, II J.**             **March 26, 2015**

## I.  Introduction

   This within matter stems from a 2006 first-degree murder conviction, for which Avron

Holland (hereinafter "Petitioner") was sentenced to a mandatory term of life in prison. Currently

before the court is Petitioner's Petition for a Writ of Habeas Corpus brought pursuant to 28

U.S.C. § 2254, in which he alleges violations of his Sixth Amendment right to effective

assistance of counsel and his Fourteenth Amendment right to due process of law. (Habeas Pet'n,

ECF. No. 1.) United States Magistrate Judge Linda K. Caracappa issued a Report and

Recommendation ("R&R"), recommending denial of the Writ. (R&R, ECF No. 14.) Petitioner

---

[1] This Court notes that Petitioner mistakenly transposed the "i" and "u" in Warden Louis S.
Folino's name when listing him as Respondent in the originally-filed Petition (ECF No. 1).  The
Clerk of Court has captioned the matter accordingly.

timely filed a response, containing eleven objections.[2] (Pet'r Obj., ECF No. 21.)  For the reasons

set forth below, Petitioner's objections shall be overruled in their entirety.

## II.    Standard of Review

In reviewing Petitioner's objections to the Magistrate's R&R, this Court "'shall make a

*de novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made.'"  *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir.

Pa. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)).  However, in a habeas matter such as this

wherein state court decisions are under review, "[f]actual issues determined by a state court are

presumed to be correct and the petitioner bears the burden of rebutting this presumption by clear

and convincing evidence." *Werts v. Vaughn*, 228 F.3d 178, 196 (3d Cir. Pa. 2000) (citing 28

U.S.C. § 2254(e)(1) (1997)).

---

[2]   Petitioner's objections were due on July 30, 2014.  On that day, a Motion for Enlargement of Time to File Written Objections to the Magistrate's Report and Recommendation (ECF N. 16) was entered of record.  The Certificate of Service for said Motion indicates it was executed by Petitioner on July 25, 2014.  This Court granted Petitioner's request, thereby extending the deadline to September 15, 2015.  (ECF No. 17.)  On September 11, 2015 (again, the date specified on the Certificate of Service), Petitioner executed an Emergency Motion for Enlargement of Time to File Objections to the Magistrate's Report and Recommendation.  (ECF No. 18.)  Said Motion was filed of record on September 18, 2014.  This Court granted the request and imposed a new deadline of October 3, 2014. (ECF No. 19.)  On October 14, 2014, Petitioner's Objections were filed of record.  (ECF No. 21.)  Said Objections contain a Certificate of Service and forwarding letter dated October 3, 2014, and the envelope in which they were mailed is postmarked October 10, 2014.  Although the one-week lapse of time between the claimed forwarding date and the date upon which the correspondence was received and processed by the Post Office is questionable, this Court shall treat Petitioner's Objections as though they were timely filed. *See Spencer v. Beard*, 351 F. App'x 589, 590 (3d Cir. 2009) ("Under [the prison mailbox rule], the date of filing occurs when a prisoner transmits documents to prison authorities for mailing.") (citing *Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)).

III.    Discussion

    A.    First Objection

In her discussion of Petitioner's first habeas claim in which Petitioner alleged ineffective assistance of counsel,[3] Judge Caracappa concluded that trial counsel used "sound trial strategy," clearly argued that Petitioner was not guilty, and could not be deemed deficient. (R&R 10.) Petitioner, however, objects on the grounds that "trial counsel . . . advocated a theory of defense that Petitioner was responsible for the crime, but it was an accident." (Pet'r Obj. 3) (citing N.T. 1/4/06 at 47).[4] He further maintains that "trial counsel argued that Petitioner was guilty of involuntary manslaughter, not murder." (Pet'r Obj. 3) (citing N.T. 1/9/06 at 42, 50). Finally, Petitioner claims that trial counsel failed to consult with him regarding this defense. (Habeas Pet., ECF No. 17.)

In order to establish an ineffective assistance of counsel claim, a defendant/petitioner must show 1) counsel's performance fell below an objective standard of reasonableness, and 2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Review of the record *in toto*[5] demonstrates that trial counsel Daniel Connor stated

---

[3] Petitioner's claims regarding trial counsel's ineffectiveness are directed towards Daniel Connor. Mr. Connor was Petitioner's second trial attorney.  Petitioner was retried on the murder charge after the jury came back deadlocked regarding same in his first trial, during which time he was represented by Attorney Gregory Pagano.

[4] For purposes of clarity, this Opinion maintains the citation format for trial transcripts used by both the Pennsylvania courts and Petitioner.

[5] Petitioner may not — as he has — select individual sentences from argument, without consideration for their context, as the basis for habeas relief. *See Carpenter v. Vaughn*, 296 F.3d 138, 158-159 (3d Cir. 2002) (de novo review of trial counsel's failure to object required evaluation of a judge's answer "in the context of the evidence presented to the jury and the evident concern that prompted the jury's question"); *United States v. Walker*, 718 F. Supp. 2d 576, 593 (M.D. Pa. 2010) (trial counsel not ineffective for conceding possession of cocaine, because when read in context, record demonstrated that said counsel vigorously argued witness credibility and inconsistencies between alleged distribution timing, the indictment, and the defendant's incarceration).

that the Commonwealth could not demonstrate evidence of first degree murder and that the prosecution's "best case scenario . . . [was] involuntary manslaughter, if you believe Mike [Farrell], but he is not to be believed." (N.T. 1/4/06 at 46–47.) Thus, the defense emphasized the prosecution's reliance on a witness with poor credibility, as opposed to an admission of Petitioner's responsibility for an "accident."

Next, although trial counsel did conjecture about the possibility of a gun falling, hitting the ground, firing, and hitting the victim (as Petitioner so contends) the hypothetical served as an example of facts that the prosecution failed to demonstrate. (N.T. 1/9/06 at 42.) ("[T]he prosecutor could have gotten their mannequin and showed you whether or not it was possible . . ."). Trial counsel made a series of arguments regarding evidentiary absences, including a lack of testimony that the gun was recently fired or how the parties were positioned at the time of the shooting. (N.T. 1/9/06 at 41–44.) Trial counsel later reiterated that if the jury believed the prosecution, the "best case scenario" was involuntary manslaughter, but immediately listed reasons why the jury should not believe the prosecution. (N.T. 1/9/06 at 50–51.) Said arguments cannot be construed as an admission of involuntary manslaughter.

Third, Petitioner requests an evidentiary hearing on the issue of whether he consented to trial counsel's defense strategy. (Pet'r Obj. 4.) In a habeas matter such as this, evidentiary hearings are only granted under extremely limited circumstances:

> (2)     If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on—
>
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 USCS § 2254(e)(2)(A)-(B).

The constitutional right to counsel does not guarantee a "meaningful relationship" between the accused and his attorney. *Morris v. Slappy*, 461 U.S. 1, 13-14 (1983). Instead, a determination of whether or not counsel's assistance was constitutional rests on the *Strickland* prongs. *Strickland*, 466 U.S. at 687–88. As explained above, Petitioner's belief that trial counsel conceded involuntary manslaughter is simply not supported by the record. Moreover, Petitioner has not pointed to any specific information or facts that were excluded from his defense due to trial counsel's alleged failure to consult. Therefore, Petitioner has not shown prejudice to his defense. *See e.g. Harvey v. Folino*, Civ. No. 10-1799, 2011 U.S. Dist. LEXIS 156286, at *27 (E.D. Pa. Dec. 20, 2011) (applying the *Strickland* prong requiring that trial counsel's allegedly deficient performance actually caused prejudice to the defendant).

Finally, Petitioner cites *Steward v. Grace*, 362 F. Supp.2d 608, 617–18 (E.D. Pa. 2005) for the proposition that a habeas petitioner is entitled to an evidentiary hearing on a claim that trial counsel's representation was so deficient that it constituted a constructive denial of counsel. (Pet'r Obj. 4.) However, *Steward* involved a trial attorney who *actually* acknowledged the petitioner's guilt in closing, presumably to shield his client from the death penalty. *Steward*, 362 F. Supp.2d at 617–18. In such a case, failure to consult could potentially be deemed prejudicial. In the instant matter, Petitioner has made no such showing. He pleaded not guilty and trial counsel argued that he was not guilty of all charges. (N.T. 1/4/06 at 11, 48; N.T. 1/9/06 at 54.) Accordingly, Petitioner's first objection is overruled and his request for a hearing is denied.

## B.  Second Objection

Petitioner next objects on the bases that that trial counsel was ineffective for failing to object to alleged prosecutorial misconduct and for failing to request a curative instruction or mistrial regarding same.  (Pet'r Obj. 4.)  In support this objection, Petitioner claims "the cumulative effect of the prosecutor's improper remarks was prejudicial as to undermine the objectivity of the jury and the reliability of it's [sic] verdict." (Pet'r Obj. 5.)  Judge Caracappa has recommended that trial counsel not be deemed ineffective because Petitioner failed to establish the underlying prosecutorial misconduct claims and has not demonstrated prejudice under *Strickland*. (R&R at 13.) Petitioner's objection does not directly address the merits of this argument, but instead focuses on his purported ability to "resurrect" his waived prosecutorial misconduct claims through an allegation of ineffectiveness. (Pet'r Obj. 4–5.)[6]

Petitioner's claims are not supported by evidence of record and he provides no meaningful explanation of the "manifest prejudice" being alleged. (Habeas Pet., ECF 17; Pet'r Obj. 5.) Mere recitation of legal standards does not suffice for purposes of *Strickland*; Petitioner has not demonstrated an underlying claim of prosecutorial misconduct, therefore trial counsel cannot possibly be deemed ineffective for failing to raise same. *United States v. Fulford*, 825 F.2d 3, 9 (3d Cir. 1987) (petitioner, failing to show "that a motion to dismiss based on pre-indictment delay carried any potential for success," could not assert prejudice from "counsel's decision to forego filing a motion that lacked a basis in fact and law."). Petitioner's second objection is therefore overruled.

---

[6] Judge Caracappa's R&R did not rest on the issue of waiver. Rather, Judge Caracappa agreed with the Superior Court that Petitioner failed to analyze the claims under the *Strickland* test. (R&R 13.)

C.     **Third Objection**

Petitioner next objects to Judge Caracappa's finding that trial counsel was not ineffective for failing to cross-examine two detectives at an unavailability hearing because doing so would have been futile. (R&R 15; Pet'r Obj. 5–6.) Petitioner cites to *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) and *Goff v. Bagley*, 601 F.3d 445, 464 (6th Cir. 2010) for the proposition that ineffectiveness may be premised on an attorney's failure to raise state-law issues. (Pet'r Obj. 6.) Petitioner's reliance on *Estelle* and *Goff* is misplaced. Federal courts defer to the state court's rulings regarding evidentiary matters.  *Priester v. Vaughn*, 382 F.3d 394, 402 (3d Cir. 2004). Petitioner appears to misconstrue the R&R, which does not "refuse to entertain" his claims but instead, assesses trial counsel's conduct in context. (R&R 15.)

Trial counsel *did* in fact object to the Commonwealth's use of alleged hearsay, but the Commonwealth successfully argued that the hearsay should be admitted for a specific purpose, *i.e.* to show that the Commonwealth had made reasonable and diligent attempts to find its key witness, Mike Farrell, and that the prosecution had not "wrongfully caused the declarant's unavailability" per Pa. R.E. 804(a). (N.T. 1/6/06 at 10–25.) Trial counsel objected to the same issue of hearsay two more times and was repeatedly overruled. (N.T. 1/6/06 at 23–24.)

Rule 804 allows the introduction of testimony from an earlier proceeding when an opposing party had "an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Pa. R.E. 804(b)(1). The Rule also calls for courts to examine whether a hearsay statement's proponent has used "process or other reasonable means" to procure a declarant's attendance.  Pa. R.E. 804(a)(5). Because Petitioner had the prior opportunity to cross-examine Mike Farrell, and because the Commonwealth established its exhaustion of "reasonable means,"

trial counsel was not ineffective in failing to continue meritless objections. (N.T. 11/29/05 at 94–125, 144–147.)

With regard to any potential ineffectiveness by trial counsel for his failure to cross-examine the detectives, Petitioner has not established that such an omission resulted in prejudice. (N.T. 1/6/06 at 16, 19, 25.)  In addition to the challenged hearsay of conversations with Mr. Farrell's girlfriend, neighbor, and employer, the detectives testified that they had visited Mr. Farrell's residence on multiple occasions, searched the neighboring residence, visited his place of employment, checked with local hospitals and the morgue, checked to see if he had been arrested, and left a copy of a photograph and bench warrant for other detectives to look for Farrell. (N.T. 1/6/06 at 10–25.) This is all non-hearsay testimony tending to show the Commonwealth's "reasonable means."

The Superior Court was correct in its recognition of the fact that "[g]laringly absent [from Defendant's claim] is any proffer of the substance of the cross-examination trial counsel should have conducted of the detectives and any argument as to how it would have changed the outcome." (Super. Ct. Op. 10, Habeas Resp. Ex. D.)[7] *Strickland* requires Petitioner to show that he was prejudiced by trial counsel's failure to cross-examine. *Strickland*, 466 U.S. at 687–88. He has not done so. Accordingly, the third objection is overruled.

### D.     Fourth Objection

Petitioner next contends that "trial counsel was ineffective for failing to object to the Commonwealth's introduction and use of allegedly inadmissible telephone records" and that the Magistrate erred in finding otherwise.  (Pet'r Obj. 6.)

---

[7] The Superior Court noted that the PCRA court had misunderstood Petitioner's claim, which relates to cross-examination, as opposed to introduction of Mike Farrell's prior recorded testimony. (Super. Ct. Op. 10, Habeas Resp. Ex. D.) Therefore, the Superior Court affirmed the PCRA dismissal based on its own findings.

When the Commonwealth sought to read a portion of Nextel phone records into the record at trial, defense counsel objected on the grounds of improper foundation and hearsay. (N.T. 1/9/06 at 16–17.) During a sidebar discussion, the Commonwealth argued that pursuant to Federal Rule of Evidence 803(6), the records were self-authenticating and that the Nextel custodian of records had certified their authenticity. (N.T. 1/9/06 at 17–18.) Trial counsel then argued that the phone records did not establish that a connection was made but instead, merely demonstrated that a particular phone was used to dial a particular outgoing phone number. (N.T. 1/9/06 at 18.) The judge noted trial counsel's argument, but stated that "I don't think that precludes the introduction of the record." (N.T. 1/9/06 at 18.) Thus, the court overruled the objection and allowed the Commonwealth to proceed with the reading of the Nextel records. The notes of testimony do not reflect that trial counsel ever withdrew his objection, and Petitioner does not point to any portion of the record stating otherwise. Therefore, the objection is overruled.

### E.     Fifth Objection

Petitioner's fifth objection stems from his claim that trial counsel was ineffective for failing to preserve a weight-of-the-evidence claim. (Pet'r Obj. 7.)   In particular, he objects to Judge Caracappa's finding that the underlying ineffectiveness claim involved a question of state law and as such, required deferral to the state court's ruling that the verdict was not improper. (R&R 17.)[8]

---

[8] On collateral review, the PCRA court listed specific evidence from the trial as the basis for its ruling.  Said evidence included testimony about the Petitioner's location, expert testimony about the victim's gunshot wound, witness testimony from Mike Farrell and Gregory Brooks about Petitioner's actions after the shooting, ballistics evidence, and statements allegedly made by Petitioner. (PCRA Op. 7–9, Habeas Resp. Ex. C.)

When assessing a challenge to the weight of the evidence, this Court must be mindful of

its limited role:

> A challenge to the weight of the evidence requires that a court evaluate the
> credibility of the witnesses and evidence presented at trial. *See, Tibbs v. Florida*,
> 457 U.S. 31, 37-38, 102 S. Ct. 2211, 72 L. Ed. 2d 652 (1982). This necessarily
> involves a determination of whether certain witnesses were more credible than
> others, and as aforestated, this we may not do. Indeed, the United States Supreme
> Court has stated that federal courts may not "redetermine [the] credibility of
> witnesses whose demeanor has been observed by the state trial court, but not by
> them." *Marshall*, 459 U.S. at 434-35. Consequently, this Court may not
> determine whether the testimony of certain witnesses was more or less
> credible than the trial court concluded. As a result, this claim is not cognizable on
> federal habeas corpus review, and this Court lacks jurisdiction to review such a
> claim.

*Provenzano v. Wernerowicz*, Civ. No. 14-1672, 2015 U.S. Dist. LEXIS 31058, at *19-20 (M.D.

Pa. Mar. 13, 2015).

In making this objection, Petitioner repeats his earlier argument that "[c]laims of

ineffective assistance of counsel can be premised on an attorney's failure to raise state-law

issues." (Pet'r Obj. 7) (citing *Estelle*, 502 U.S. at 67–68; *Goff*, 601 F.3d at 464).  Again,

Petitioner's reliance on said cases is misplaced. Even if it were proper for this Court to review a

state court's findings regarding weight of the evidence, Petitioner would need to show that trial

counsel unreasonably failed to preserve his claim and that such failure prejudiced Petitioner.

Petitioner simply makes no effort to support this burden, and trial counsel cannot be deemed

ineffective for foregoing pursuit of a meritless claim. *United States v. Fulford*, 825 F.2d 3, 9 (3d

Cir. 1987). Therefore, Petitioner's objection is overruled.

F.      **Sixth Objection**[9]

Petitioner next asserts that "[t]he fact that trial counsel did not object to the jury charge [regarding transferred intent] was an issue that appellate counsel could have been raised [sic] for appellate review" and that the Magistrate erred in finding that Petitioner failed to satisfy his burden under *Strickland*.  (Pet'r Obj. 7-8.)  Because trial counsel did object to the *propriety* of the charge, Petitioner's objection can only be read to relate to the *substance* of the charge.  As such, this objection is substantially different from Petitioner's habeas claim, which alleges ineffective assistance of appellate counsel regarding his challenge to the *propriety* of the charge. (Habeas Pet'n, ECF. No. 19.)

Local Rule 72.1(IV)(c) provides that "[a]ll issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge." E.D. Pa. Civ. P. R. 72.1(IV)(c). *See also Sessom v. Wenerowicz*, Civ. No. 13-2179, 2013 U.S. Dist. LEXIS 152785, at *4-5 (E.D. Pa. Oct. 24, 2013) (holding "[t]he new issues Petitioner presents could have easily been raised at the Magistrate Judge level, and Petitioner provides no reason why this was not done. For this reason, the Court finds that the 'interest of justice' does not require the Court to consider these new issues."); *Ramos v. Kyler*, Civ. No. 03-2501, 2004 U.S. Dist. LEXIS 30581, at *14-15 (E.D. Pa. Apr. 12, 2004) (new claims raised in objections to a magistrate judge's R&R regarding habeas petition are not properly before the court) (citations omitted).  This Court similarly finds that Petitioner herein could have raised this issue in his habeas petition for consideration by the Magistrate but

_____

[9] As noted herein, the matter presented in Petitioner's sixth habeas claim became muddled during PCRA appeal proceedings. As a result, Judge Caracappa's R&R does not clearly distinguish between the "impropriety" and "content/substance" arguments and objections at issue. (R&R 19.) To that limited extent, this Court does not adopt the R&R's findings.

failed to do so.  However, because there appears to be some confusion regarding the nature of Petitioner's claims below, this Court shall address same.

On direct appeal, Petitioner challenged the *propriety* of a trial court instruction, stating that "it was error to instruct the jury on the question of transferred intent." (Pet. Appeal 15–16, Habeas Resp. Ex. B.) According to Petitioner, "[t]he Commonwealth did not argue that the doctrine of transferred intent applied to the case and presented no evidence of the Petitioner's malice or specific intent toward any other person." (Pet. Appeal 15, Habeas Resp. Ex. B.) Citing a trial court's "discretion to determine how best to resolve a jury's confusion regarding the law" and the judge's reminder to the jury that it "must base its verdict on the evidence presented at trial," the Superior Court found no abuse of discretion. (Super. Ct. Op. 8–10, Habeas Resp. Ex. B.)[10]

On state collateral review, Petitioner presented the claim as one of appellate counsel ineffectiveness. (Appellant Br. vii, 15–23, Habeas Resp. Ex. C.)[11] Petitioner argued that "[t]he impropriety of [the transferred intent] instruction, even with the court's caveat, allowed the jury to think it was okay to guess and/or presume mandatorily that Appellant intended to shoot at someone else, and that intent was transferred to the victim." (Appellant Br. 15–16, Habeas Resp. Ex. C.) Therefore, according to Petitioner's own language, the issue that appellate counsel failed to "frame and develop" was the propriety — not the substance or content — of the instruction.

---

[10] The Superior Court noted that "Appellant does not attack the propriety of the trial court's charge on transferred intent; he merely claims that trial court erred in giving such a charge." (Super. Ct. Op. 10 n.5, Habeas Resp. Ex. B.) To clarify, Petitioner's direct appeal to the Superior Court did not challenge the *substance* or *content* of the transferred intent instruction.

[11] In his petition for appeal to the Pennsylvania Supreme Court, Petitioner seems to have confused the identities and roles of trial and appellate counsel: "Whether Trial Counsel, Daniel Connor was ineffective for failing to properly frame an [sic] develop issue [sic] challenging the Trial Court's jury instruction on "Transferred Intent" on direct appeal?" (Pet. for Allowance of Appeal 9, Habeas Resp. Ex. D.)

The PCRA court found the claim previously litigated, because "[t]he propriety of the Court having instructed the jury on transferred intent was addressed in the Superior Court opinion affirming the judgment of sentence. *See* Superior Court Memorandum Opinion J.S08024-07." (PCRA Op. 9, Habeas Resp. Ex. C.) The Superior Court disagreed, explaining that "Appellant maintains that the issue presented in [the] petition [was] not whether it was an abuse of discretion to give a transferred intent instruction, but whether appellate counsel was ineffective because he did not challenge the content of the instruction given." (Super. Ct. Op. 12, Habeas Resp. Ex. D.) However, it is unclear how the Superior Court formulated this reading of Petitioner's claim.[12]

Disposing of the "substance/content" formulation of the claim, the Superior Court stated that Petitioner could not point to any portion of the transferred intent instruction that was legally incorrect. (Super. Ct. Op. 13, Habeas Resp. Ex. D) (citing *Commonwealth v. Thompson*, 739 A.2d 1023 (Pa. 1999) (similar transferred intent instruction found appropriate)). The court also implicitly addressed the "impropriety" formulation of the claim, determining that the judge's instruction, coupled with warnings that the verdict must be based on the evidence "did not compel the jury to presume a fact not supported by the evidence." (Super. Ct. Op. 13, Habeas Resp. Ex. D.)

On habeas review, Petitioner claimed that "Appellant [sic] Counsel, Gary Server, Esq, rendered ineffective assistance for failing to properly frame and develop the courts [sic] jury instruction on 'transferred intent.'" (Habeas Pet., ECF No. 19–20.) Judge Caracappa found that the Superior Court did not unreasonably apply *Strickland*. (R&R 19.) However, the R&R did not

---

[12] As stated above, the exact language of Petitioner's brief to the Superior Court repeatedly emphasized the impropriety of the transferred intent instruction, and the Superior Court had already noted Petitioner's acceptance of the instruction's legal substance. (Appellant Br. vii, 15–23, Habeas Resp. Ex. C.; Super. Ct. Op. 10 n.5, Habeas Resp. Ex. B.)

clearly distinguish the "impropriety" and "content/substance" conflation that arose below. (R&R 19.) The R&R also states that trial counsel "did not object to the jury charge," but does not clarify whether that means *no* objection was lodged or merely no objection to substance. (R&R 19.) As noted below, trial counsel did object to the judge giving a transferred intent instruction. (N.T. 1/10/06 at 6–7, 11.)

This Court's review of the record shows that the jury asked questions relating to transferred intent. (N.T. 1/10/06 at 4–5.)[13] The judge made a preliminary decision to instruct on transferred intent but "allow[ed] counsel to both put what they need[ed] to say on the record." (N.T. 1/10/06 at 5.) Petitioner's counsel argued an absence of evidence to support the instruction. (N.T. 1/10/06 at 6–7.) He posited that the "appropriate thing, in this particular case, would be just to instruct the jury to make their decision based on the evidence that they have heard so far, and based on the instructions of the law as you give them." (N.T. 1/10/06 at 6–7.) To be clear, trial counsel did *not* object to the *substance* or *content* of the judge's transferred intent instruction. Nevertheless, the objection against the *propriety* of giving the instruction was noted for the record. (N.T. 1/10/06 at 11.) Ultimately, the judge determined that the court should give a "legally accurate and correct response" to the "two very specific questions," reading the transferred intent instruction[14] and a warning[15] that any verdict must be based on the evidence. (N.T. 1/10/06 at 9, 17–18.)

---

[13] "Question Number Six was received at 11:36 a.m., 'If you intend to kill someone and you shot the wrong person, then, is this first degree murder?' And Question Number Seven, 'If you intend to kill someone and you shot the wrong person, is the intent still here?'" (N.T. 1/10/06 at 4–5.)

[14] "The answer to each of these questions under the law is yes. This is based on a doctrine of law that I did not charge you on originally. It is called the doctrine of transferred intent. It means that if you find that the defendant had the state of mind to kill person A, but instead of killing person A, the intended victim, he actually kills person B, someone else, the state of mind with respect to the intended person A is the same as the state of mind to kill person B, the actual victim." (N.T. 1/10/06 at 16–17.)

In view of the foregoing, Petitioner's sixth objection is not only improperly before this Court, but is meritless as well. At no stage of the proceedings has Petitioner substantiated his burden under *Strickland*. In his habeas petition, he argues that the instruction allowed the jury to "guess and/or presume mandatorily" about intent. (Habeas Pet'n, ECF. No. 19–20.) However, this ignores both the actual language of the judge's instruction ("*if* you find that the defendant had the state of mind to kill person A") and the judge's warning to the jury ("Your verdict cannot be based on speculation or *guess* or sympathy"). (N.T. 1/10/06 at 16–18.) Even in Petitioner's more expansive brief to the Superior Court, he cites to nothing to back his argument that the court's instruction on transferred intent was understood as a "mandatory presumption" that the jury find intent in the first place. (Appellant Br. 15–17, Habeas Resp. Ex. C.)

Because Petitioner would not be entitled to relief on same under any circumstances, his objection is overruled.

### G.    Seventh Objection

Next, Petitioner lodges an objection on the basis that "his Confrontation Clause issue [was] mischaracterized," because his ineffectiveness claim actually relates to the two detectives' testimony at Mike Farrell's unavailability hearing, rather than the recorded testimony of Mike Farrell himself. (Pet'r Obj. 8–9.)[16]

As noted above, the testimony was elicited by the Commonwealth in order to establish its burden under Pa. R.E. 804(a). (N.T. 1/6/06 at 10–25.) Petitioner does not explain how the detectives' testimony was inadmissible under the Rules, nor does he explain how the use of

---

[15] "I should also remind you and emphasize that your verdict must be based on the evidence that was introduced at trial, the facts as you find them and any reasonable inferences you draw from those facts and, by applying the rules of law that I have given you to the facts as you find them. Your verdict cannot be based on speculation or guess or sympathy." (N.T. 1/10/06 at 17–18.)

[16] This objection mirrors Petitioner's third objection, but pertains to appellate counsel, as opposed to trial counsel.

unavailability testimony — sworn statements from the first trial which were subjected to cross-examination — would violate the Confrontation Clause. (N.T. 11/29/05 at 94–125, 144–147.) This Court defers to the state court's ruling regarding the admissibility of evidence, and appellate counsel cannot be deemed ineffective for failing to raise a meritless claim. *See Priester*, 382 F.3d at 402; *Fulford*, 825 F.2d at 9. Accordingly, Petitioner's objection is overruled.

### H.    Eighth Objection

Petitioner next claims that contrary to the findings in the R&R, his ineffectiveness claim regarding "sufficiency of the evidence" passes *Strickland* muster, because waiver "due to counsel's lack of compliance with appellate rules" shows clear ineffectiveness and prejudice. (Pet'r Obj. 9–10.) Specifically, Petitioner argues that "[t]he prejudice from appellate counsel's omission is inherent in the fact that the Superior Court deemed the issue waived. Had appellate counsel satisfied the duty of competence, the Superior Court would have at least adjudicated the issue." (Pet'r Obj. 10.)

Contrary to Petitioner's characterization of this issue, the state court did not merely deem the ineffectiveness claim waived. On appeal from the PCRA court, the Superior Court opined:

> [A]ssuming *arguendo* that appellate counsel was ineffective in his briefing and development of the sufficiency claims, Appellant's claim does not entitle him to relief because he failed to set forth the substance of the sufficiency arguments that counsel should have made or demonstrate how the evidence was insufficient to support the verdict.

(Super. Ct. Op. 15–16, Habeas Resp. Ex. D.)

Assessment of a sufficiency claim raised by a habeas petitioner is guided by "a 'twice-deferential standard' of review." *Rodriguez v. Rozum*, 535 F. App'x 125, 130 (3d Cir. 2013) (citing *Parker v. Matthews*, 132 S. Ct. 2148, 2152, 183 L. Ed. 2d 32 (2012)), *cert. denied*, 134

S.Ct. 2678 (2014). Specifically,

> Under the first part of this standard, "[t]he evidence is sufficient to support a conviction whenever, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" In applying this standard, we consider "all of the evidence . . . in the light most favorable to the prosecution" and even if the record "supports conflicting inferences [the reviewing court] must presume— even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution."

> The second layer of deference only permits a federal court to set aside the state- court conviction if "the decision was objectively unreasonable." We determine reasonableness based on the record evidence at the time of the state court adjudication.

> When reviewing a petition for writ of habeas corpus, alleging an unconstitutional conviction due to insufficient evidence, federal courts do not review the reasoning underlying the state court's decision. Instead, we focus on whether the state court's ultimate decision—affirmation of the conviction—was supported by sufficient record evidence.

*Rodriguez*, 535 F. App'x at 130-31 (internal citations omitted).

During the first trial, the Commonwealth introduced evidence relating to possession of an instrument of crime, such as: a gun seen on the ground near Petitioner immediately after the shooting, Petitioner got into the passenger seat of a "hack cab" that took victim to the hospital, the "hack cab" was later impounded by police and searched, two guns were found under the passenger seat, one gun contained a cartridge that had been fired, and a bullet jacket — found in the victim's head by the medical examiner — had been fired from the revolver found under the passenger seat. (N.T. 11/29/05 at 74-75, 83, 208-10; N.T. 11/30/05 at 8-9, 41-45.) At the second trial, the Commonwealth introduced evidence relating to murder, such as: Petitioner rifling through the victim's pockets, the nature of the victim's gunshot wound to the head, Petitioner's location at the time of the gunshot, testimony that Petitioner gave incorrect information and left

the crime scene, and Petitioner's alleged claim that the shooting had been an accident. (N.T. 1/4/06 at 90-92, 107, 138; N.T. 1/5/06 at 52–54; N.T. 1/6/06 at 51-54.)

In support of his argument, Petitioner relies on *Mayo v. Henderson*, which states that "[for] the prejudice component of the *Strickland* test, a court must determine whether, absent counsel's deficient performance, there is a reasonable probability that the outcome of the proceeding would have been different." *Mayo v. Henderson*, 13 F.3d 528, 534 (2nd Cir. 1994). However, Petitioner cites to no specific omissions in the record indicating that a "sufficiency of the evidence" appeal might have been successful.  Moreover, this Court's independent review of the record reveals that there was in fact sufficient evidence to convict. Therefore, Petitioner has not demonstrated prejudice and the objection is overruled.

## I.        Ninth Objection

Petitioner's ninth objection pertains to the sufficiency of the Notice of Intent to Dismiss issued by the PCRA court and reviewed by the state appellate court.  Petitioner claims said Notice denied him due process. (Pet'r Obj. 10.)

Petitioner's objection is not responsive to the R&R. (R&R 22.) While the PCRA court's Rule 907 Notice of Intent was insufficiently specific — as acknowledged by the Superior Court on appeal — Petitioner's underlying PCRA claims were deemed meritless after the Superior Court independently reviewed the record. (Super Ct. Op. 17, Habeas Resp. Ex. D.) The Third Circuit has made clear that "habeas proceedings are not the appropriate forum for [a petitioner] to pursue claims of error at the PCRA proceeding." *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004). Nevertheless, Petitioner merely restates that the PCRA court erred in neglecting to provide specific findings of fact and law per Pa. R. Crim. P. 907. (Pet'r Obj. 11.) Because Petitioner's claim is not part of a "determination of whether there has been an improper detention

by virtue of the state court judgment," his objection is overruled. *Lambert*, 387 F.3d at 247
(quoting *Hassine v. Zimmerman*, 160 F.3d 941, 954–55 (3d Cir. 1998)).

### J.      Tenth Objection

Next, Petitioner objects to the PCRA Court's denial of his request for a ballistic expert
and private investigator.  (Pet'r Obj. 12.)  Once again, said Objection is not responsive to the
R&R. (R&R 22.) The record reveals that the PCRA court held a hearing and pursuant to same,
denied Petitioner's requests.  Based upon its review of the hearing, the Superior Court
determined on appeal that  the PCRA court's denial was not an abuse of discretion. (Super. Ct.
Op. 18–20, Habeas Resp. Ex. C.) Petitioner objects to the Superior Court's analysis and findings,
with the unsupported statement that his claim is cognizable because it is "constitutionalized."
(Pet'r Obj. 12–15.) Petitioner's argument again centers on an alleged error in state collateral
proceedings, rather than a cognizable claim on federal habeas review. *Lambert*, 387 F.3d at 247;
*Hassine*, 160 F.3d at 954–55.  Moreover, Petitioner's request for these items was denied without
prejudice by the PCRA court.  Because the claim is non-cognizable and because he waived same
by failing to re-petition the PCRA Court per its directives, Petitioner's objection is overruled.

### K.      Eleventh Objection

In his final objection, Petitioner contends trial counsel was ineffective for failing to object
to the introduction of evidence suggesting Petitioner robbed the victim, and PCRA counsel was
ineffective for failing to raise trial counsel's ineffectiveness regarding this claim.[17] (Pet'r Obj.
15.  Petitioner admits that his final claim of ineffectiveness is procedurally defaulted. However,
he argues that he is "actually innocent of committing the overall crime of homicide, and actually

---

[17]      This Court notes that after Petitioner's court-appointed PCRA counsel filed an Amended
PCRA Petition on Petitioner's behalf, Petitioner elected to proceed with his post-conviction
collateral proceedings *pro se*.

innocent of committing a robbery of the victim." (Pet'r Obj. 15.)  In doing so, Petitioner seeks to be excused from his procedural default under the standards set forth in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013) and *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and asks for an evidentiary hearing. (Pet'r Obj. 15–16.)[18]

     Petitioner's objection does not respond to the substance of the R&R. (R&R 27.) A prisoner cannot be excused from default if the underlying ineffectiveness claim is insubstantial, lacks merit or factual support, or the attorney on collateral review did not perform below constitutional standards. *Martinez*, 132 S. Ct. at 1319. Here, Petitioner has not refuted the propriety of the admission of evidence showing Petitioner taking money and "rifling through the victim's pockets" in an effort to establish motive. (N.T. 1/9/06 57, 71, 76, 78.) The value of such evidence clearly outweighed its potential for unfair prejudice, and any objection to same by trial counsel would have been futile.[19] Therefore, Petitioner's ineffectiveness claim as to trial counsel is insubstantial and would also lack merit under *Strickland*. *Martinez*, 132 S. Ct. at 1319;

---

[18]     In *McQuiggin*, the Court held that "actual innocence" — defined as "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" — allows a habeas petitioner to present his claims, despite a procedural bar or expired statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).
     In *Martinez*, the Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012). Said holding was based on the premise that an initial-review collateral proceeding "is in many ways the equivalent of a prisoner's direct appeal as to [an] ineffective-assistance claim." *Id.* at 1317.
     Read together, these cases allow a defaulted claim of ineffective assistance of trial counsel to be raised by 1) an "actually innocent" petitioner or 2) a petitioner who has suffered prejudice due to ineffective assistance of collateral review counsel. Petitioner contends that he satisfies both categories. (Pet'r Obj. 15.)
[19]     Pa.R.E. 404(b)(2) provides that evidence of other crimes, wrongs or other acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice."

*Strickland*, 466 U.S. at 687–88. Accordingly, Petitioner has not overcome his default on this basis.

Petitioner's reliance on *McQuiggin* is similarly misguided, as he makes no claim that "new evidence" has come to light. *McQuiggin*, 133 S. Ct. 1928.  The conclusion reached in *McQuiggin* demonstrates that the "actual innocence" standard is an extremely high bar; one which Petitioner herein has failed to meet.  *See Perkins v. McQuiggin*, Civ. No. 08-139, 2013 U.S. Dist. LEXIS 125871 (W.D. Mich. Sept. 4, 2013) (determining on remand that petitioner's case was insufficient under the "actual innocence" standard and barred by the statute of limitations).[20]

Because Petitioner has not sustained his burden with regard to this objection, the same is overruled and his request for an evidentiary hearing is denied.

**III.     Conclusion**

For the reasons set forth herein, Petitioner's Objections shall be overruled in their entirety and the Report and Recommendation shall be approved and adopted.

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II

_____

C. Darnell Jones, II     J.

---

[20] In *Pirela v. DA of Phila.*, Civ. No. 00-5331, 2014 U.S. Dist. LEXIS 67947 (E.D. Pa. May 16, 2014), the court assessed whether or not a "freestanding claim of actual innocence" in a non-capital case can constitute a basis for habeas relief.  As is the situation here, Petitioner in *Pirela* "failed to demonstrate that an independent constitutional violation occurred in his underlying criminal trial."  *Id.* at *15-16.  Accordingly, the *Pirela* court concluded that "[w]ithout making this showing, Petitioner's alleged claim of actual innocence cannot provide a basis for federal habeas relief."  *Id.* at *16.